UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NADINE WASHINGTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VENSURE EMPLOYER SERVICES, INC., <br><br> Defendant. | CIVIL ACTION NO.: <br> 1:21-CV-05191-JPB |

## ORDER

This matter is before the Court on Vensure Employer Services, Inc.'s ("Defendant") Motion for Attorney's Fees [Doc. 72], Nadine Washington and Shuaib Rushdan's (collectively, "Plaintiffs") Motion for New Trial [Doc. 78] and Defendant's Motion to Strike Plaintiffs' Motion for New Trial [Doc. 79]. This Court finds as follows:

### PROCEDURAL HISTORY

Plaintiffs filed this action against Defendant on December 20, 2021, asserting that Defendant wrongfully terminated their employment. [Doc. 1]. As to Plaintiff Washington specifically, she asserted two claims against Defendant: (1) race discrimination in violation of Title VII; and (2) race discrimination in

violation of 42 U.S.C. § 1981.  Plaintiff Rushdan, on the other hand, only asserted a race discrimination claim in violation of § 1981.

After discovery closed, neither party filed motions for summary judgment.  A pretrial conference was held on May 23, 2023.  At the pretrial conference, the Court informed the parties that it had updated both its standing order and its standard trial notice.  [Doc. 86, p. 5].  As to the trial notice specifically, the Court told the parties that as part of the pretrial process, the parties are required to meet and confer regarding the admissibility of trial exhibits and shall send the Court a list of exhibits that the parties agree are admissible.  Id.  Significantly, the Court explained:  "And what I'll do is just admit those documents right at the beginning of the trial without objection.  That saves all concerned the time of laying the foundation."  Id.  In a similar vein, the revised standing order, which is available online to litigants, contains the following language:

> Prior to the start of trial, the parties shall confer and prepare a list of exhibits as to which there is no dispute as to admissibility.  The parties shall send the list to the Courtroom Deputy Clerk via e-mail.  The Court will admit the exhibits as a group.

Shortly before trial began and in compliance with the revised standing order, revised trial notice and the instructions given at the pretrial conference, the parties filed a Joint Stipulation Concerning the Admissibility of Trial Exhibits.  [Doc. 55].

In the Joint Stipulation, the parties agreed that Plaintiffs' Exhibits 1 through 25 would be admissible as well as Defendant's Exhibits 3 and 4.

Trial began on June 12, 2023. On the first day of trial, the Court discussed the stipulation with the parties, and the parties confirmed that they still stipulated to the exhibits. [Doc. 73, p. 5]. As part of this discussion, Plaintiffs' counsel stated, "[w]e filed a stipulation concerning the admissibility of the exhibits as you had talked about during our pretrial conference, so no issue with that." Id. at 4. After a jury was selected and during the Court's pretrial instructions, the Court explained to the jury that the parties in this case had stipulated to a number of exhibits before trial and that those exhibits were already admitted. Specifically, the Court noted that "[s]o for the great majority of the exhibits, counsel will just refer to an exhibit, note it's been previously admitted, and we'll move on." Id. at 108. Several times throughout trial, the Court stated for the parties which exhibits had been admitted. For instance, on June 15, 2023, after Plaintiffs rested their case, the Court asked Plaintiffs' counsel if it would be helpful for the Courtroom Deputy to list the exhibits that had been admitted. [Doc. 76, p. 39]. After Plaintiffs' counsel answered in the affirmative, the Courtroom Deputy stated that Plaintiffs' Exhibits 1 through 25 had been admitted and that Defendant's Exhibits 3 and 4 had been admitted. Id. Plaintiffs' counsel confirmed to the Court that the

Courtroom Deputy's list of admitted exhibits was consistent with his list of admitted exhibits. Id.  On the final day of trial, the Court told the jury that they would have access to the exhibits that had been admitted into evidence, which were "Plaintiffs' Exhibits 1 through 25 and Defense Exhibits 1, 3 and 4." [Doc. 77, pp. 49-50].  Notably, the Court asked counsel whether the exhibits were correct, and counsel for Plaintiffs replied, "yes, your Honor." Id. at 50.  At no time did either party object to the exhibits that were sent back to be considered by the jury.

The jury returned a verdict in favor of Defendant on June 16, 2023.  [Doc. 64]; [Doc. 65].  On July 14, 2023, Defendant filed a Motion for Attorney's Fees.  [Doc. 72].  On July 18, 2023, Plaintiffs' filed a Motion for New Trial.  [Doc. 78].  Arguing that the Motion for New Trial was not timely, Defendant filed a Motion to Strike Plaintiffs' Motion for New Trial on July 19, 2023.  [Doc. 79].  The motions are now ripe for review.

## MOTION FOR ATTORNEY'S FEES

As stated above, one of the pending motions in this case is Defendant's Motion for Attorney's Fees.  In the motion, Defendant seeks to recover $53,554.05 in attorney's fees.  As a general rule, a prevailing defendant in a civil rights case is only entitled to attorney's fees when the plaintiff's case is "'frivolous,

unreasonable, or without foundation.'" Quintana v. Jenne, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)).  In determining whether this standard is satisfied, courts should consider the following factors:  (1) "whether the plaintiff established a prima facie case"; (2) "whether the defendant offered to settle"; and (3) "whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits."  Id.  Significantly, "these factors 'are general guidelines only, not hard and fast rules'" and "'[d]eterminations regarding frivolity are to be made on a case-by-case basis.'"  Id. (quoting Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985)).

      Before addressing the merits of Defendant's request for fees, the Court must first consider whether the motion was timely.  Federal Rule of Civil Procedure 54(d)(2)(B) provides that a motion for attorney's fees must be filed no later than fourteen days after the entry of judgment.  In this case, final judgment was entered on June 20, 2023, and Defendant filed its Motion for Attorney's Fees on July 14, 2023—twenty-four days later.  Because Defendant's motion was filed more than fourteen days after the entry of judgment, the Motion for Attorney's Fees is **DENIED**.

Even assuming that Defendant's motion was timely, attorney's fees are not appropriate in this case. The first factor that the Court should consider is whether the plaintiff established a prima facia case. Here, Plaintiffs did establish a prima facia case. Indeed, Defendant admitted that this showing was made in its motion. [Doc. 72, p. 5]. This factor thus weighs against a finding of frivolity.

Courts should also analyze whether the defendant offered to settle. In this case, Defendant offered to settle the claims for $100,000—$50,000 for each plaintiff. In Defendant's view, this factor should weigh in its favor because the amount is nominal. The Court is not convinced that a $100,000 settlement is nominal in value. Nevertheless, the Court will weigh this factor neutrally.

The final factor that courts should consider is whether the case was dismissed prior to trial or whether there was a full-blown trial on the merits. This case was not dismissed before trial. Defendant even admitted that a summary judgment motion would not have been successful. Because this case was decided after a trial on the merits, this factor weighs against a finding of frivolity.

After fully considering the above factors, the Court finds that this case was not frivolous, unreasonable or without foundation. As such, any award of attorney's fees to Defendant would be improper even if the motion was timely, and therefore the Motion for Attorney's Fees [Doc. 72] is **DENIED**.

**MOTION FOR NEW TRIAL & MOTION TO STRIKE**

Also pending before the Court is Plaintiffs' Motion for New Trial and Defendant's Motion to Strike.  In Plaintiffs' motion, Plaintiffs assert that they are entitled to a new trial because the jury was allowed to consider more than twenty exhibits that were never admitted into evidence.  According to Plaintiffs, the only exhibits offered and admitted into the record were Plaintiffs' Exhibits 1 and 16, and the Court erred when it admitted Plaintiffs' Exhibits 1 through 25 and sent those exhibits and their subparts to the jury.

A motion for new trial is governed by Federal Rule of Civil Procedure 59(a). Under Rule 59(a), a motion for new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States."  Where, as here, the alleged basis for a new trial is an evidentiary error by the trial court, "a new trial is warranted only where the error has caused substantial prejudice to the affected party."  Peat, Inc. v. Vanguard Rsch., Inc., 378 F.3d 1154, 1162 (11th Cir. 2004).

Defendant argues in its Motion to Strike that Plaintiffs' motion is not timely. Under Federal Rule of Civil Procedure 59(b), "[a] motion for new trial must be filed no later than 28 days after the entry of judgment."  Here, the jury rendered its verdict on June 16, 2023.  While the Clerk of Court signed a judgment in favor of

Defendant on that same day, the judgment was not entered by the Clerk on the docket until June 20, 2023.  Because the Clerk did not enter the judgment in this case until June 20, 2023, the Court finds that Plaintiffs' Motion for New Trial, which was filed on July 18, 2023, is timely.  Accordingly, Defendant's Motion to Strike Plaintiffs' Motion for New Trial [Doc. 79] is **DENIED**.

As stated above, a new trial is warranted where the error has caused substantial prejudice to the affected party.  As an initial matter, the Court is not convinced that it erred by admitting the stipulated exhibits.  As a general rule, "when a party does not object to the admission of certain evidence at trial, that party waives his right to complain about such admissions later." BFS Retail & Com. Operations, LLC v. Harrelson, 701 F. Supp. 2d 1369, 1377 (S.D. Ga. 2009). Stated another way, "[i]n the absence of a timely objection, such testimony [which may have been inadmissible] is generally not considered to be erroneously admitted." Karam v. Sagemark Consulting, Inc., 383 F.3d 421, 427 (6th Cir. 2004).

In this case, the Court asked the parties to meet and confer regarding their exhibits and told the parties that the exhibits without objections would be admitted as a group at the beginning of trial.  Consistent with the Court's instructions, the parties submitted to the Court a list of their stipulated exhibits.  Throughout trial,

the parties proceeded as if all the exhibits had been admitted.  On at least two occasions, the Court confirmed with Plaintiffs' counsel that Exhibits 1 through 25 had been admitted.  At no time did Plaintiffs' counsel ever object to the admission of Exhibits 1 through 25, even when the Court stated that those exhibits would be sent back with the jury.  Under these circumstances, where Plaintiffs never lodged an objection to any of the exhibits, the Court finds that it did not err in admitting the exhibits.[1]

Even assuming that the Court erred by sending the exhibits to the jury despite the parties' stipulation, Plaintiffs have not shown that they were substantially prejudiced by the exhibits.[2]  Indeed, the allegedly improper exhibits were exhibits created by Plaintiffs to be used during the trial.  If anything, the

---

[1] The Court also notes that if error did exist, Plaintiffs' invited the error.  "[T]he doctrine of invited error is implicated when a party induces or invites the district court into making an error."  United States v. Brannon, 562 F.3d 1300, 1306 (11th Cir. 2009).  "Thus, if a party waives a procedural right or agrees to the admissibility of certain evidence, he cannot later complain that any resulting error is reversible."  Id.

[2] In analyzing whether substantial prejudice resulted from the error, courts should consider:  1) the number of errors; 2) the closeness of the factual disputes; 3) the prejudicial effect of the evidence at issue; 4) whether counsel intentionally elicited the evidence; 5) whether counsel focused on the evidence during the trial; and 6) whether any cautionary or limiting instructions were given.  Peat, Inc., 378 F.3d at 1162.  Because neither counsel focused on the admitted evidence and because Plaintiffs' counsel intentionally elicited the evidence through stipulation, Plaintiffs have not met their burden to show substantial prejudice.

exhibits were more helpful to Plaintiffs than Defendant. Without a showing of substantial prejudice, Plaintiffs are not entitled to a new trial.

In sum, the Court did not err by sending the exhibits to the jury. Moreover, even if sending the exhibits was error, Plaintiffs have not shown substantial prejudice. Because Plaintiffs have not shown error or prejudice, Plaintiffs' Motion for New Trial [Doc. 78] is **DENIED**.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Attorney's Fees [Doc. 72] and Motion to Strike Plaintiffs' Motion for New Trial [Doc. 79] are **DENIED**. Plaintiffs' Motion for New Trial [Doc. 78] is also **DENIED**.

**SO ORDERED** this 17th day of November, 2023.

_____
J. P. BOULEE
United States District Judge